# IN THE DISTRICT COURT OF THE UNITED STATES
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## ASHEVILLE DIVISION

### CRIMINAL NO. 1:07CR33

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| | ) | |
| **VS.** | ) | **MEMORANDUM AND** |
| | ) | **O R D E R** |
| | ) | |
| **HAROLD EUGENE PATTON** | ) | |
| | ) | |

**THIS MATTER** is before the Court on Defendant's motion to withdraw his guilty plea. **Defendant's Motion for Withdrawal of Guilty Plea and Points and Authorities, filed June 25, 2008.** The Government has filed response and opposes the relief sought. **Government's Response to Defendant's Motion to Withdraw Plea, filed July 14, 2008.** For the reasons set forth below, Defendant's motion is denied.

## I. BACKGROUND

Defendant and 11 others were indicted for conspiracy to possess with intent to distribute crack cocaine in violation of 21 U.S.C. §§ 846 and 841(a)(1). **Bill of Indictment, filed April 3, 2007.** After Defendant's

arraignment, the Government filed a notice pursuant to 21 U.S.C. § 851 setting forth Defendant's six prior felony drug convictions between 1986 and 2004. **Information pursuant to 21 U.S.C. § 851 ("Government's Notice"), filed May 22, 2007.** Defendant's trial was scheduled for the July 9, 2007, term and the parties began preparing for trial. ***See* Order, filed April 30, 2007 (continuing the trial to the July 2007 term).**

On July 11, 2007, two days after the trial term began, the Defendant entered into a plea agreement with the Government wherein he agreed to plead guilty to Count One of the indictment. **Plea Agreement, filed July 11, 2007.** In exchange for his guilty plea, the Government agreed to recommend up to a three-level reduction in his offense level provided the Defendant demonstrated acceptance of responsibility for the offense and timely provided information and his cooperation with the ongoing investigation. ***Id*. at 2.**

On July 12, 2007, the Defendant appeared with counsel before the Magistrate Judge for a Rule 11 proceeding to formally enter his guilty plea. The Magistrate Judge engaged the Defendant in the lengthy colloquy required by Rule 11 to ensure that his guilty plea was knowingly and voluntarily made and entered. Based on the representations and answers

of the Defendant and his attorney, the Magistrate Judge found that the Defendant had entered his plea knowingly and voluntarily and that he understood the charges, the potential penalties, and consequences of the guilty plea, and accepted the Defendant's plea of guilty. **Rule 11 Inquiry and Order of Acceptance of Plea, filed July 12, 2008**.

A draft presentence report was disclosed to the parties on April 2, 2008. The report found that Defendant's prior felony drug convictions mandated enhancement as a career offender pursuant to U.S.S.G. § 4B1.1, which resulted in an offense level of 37. **Presentence Investigation Report (Draft), filed April 2, 2008, ¶ 46**. The report also stated that provided the Government made a formal motion at sentencing, Defendant could be awarded a three point reduction for acceptance of responsibility,[1] thereby reducing his total offense level to 34 with a corresponding criminal history category of VI. **Id. ¶¶ 47-48, 79**. The report concluded that due to his prior felony convictions, Defendant would be subjected to enhanced penalties as a career offender and, thus, faced a mandatory term of life imprisonment. **Id. ¶ 112**.

---

[1] Defendant did not fully cooperate with the Government as agreed upon in the plea agreement and thus forfeited any potential motion for downward departure by the Government. **Government's Response, at 5.**

After the draft report was disclosed, the parties were advised that objections thereto were to be filed on or before April 18, 2008.  Along with a motion for an extension of that deadline, Defendant's former counsel, Jason R. Hayes, filed a motion to withdraw as Defendant's attorney, stating in part:

> During counsel's consultation with defendant [concerning the presentence report], defendant became visibly angry, hostile and verbally threatened counsel stating, "I'm facing life here, and I have nothing to lose.  Do you know what I'm saying?" Defendant repeated this statement three or four times displaying a hostile posture, tone and manner such that counsel felt physically threatened by defendant.  Defendant also stated that he desired new counsel and refused to further discuss the issues regarding the pre-sentence [report] with counsel.

**Motion to Withdraw, filed April 18, 2008.**  The motion was granted and the time for filing objections was held in abeyance until Defendant was appointed new counsel and the presentence report was disclosed to that attorney.  **Order, filed April 21, 2008.**  Substitute counsel was appointed April 30, 2008, and his new attorney has filed the instant motion for withdrawal of the guilty plea.

## II. ANALYSIS

### A.   *De Novo* Review of Rule 11 Proceedings

Before a court may accept a guilty plea, it must ensure that the defendant is competent to enter the plea and that the plea is knowing and voluntary.  **Godinez v. Moran, 509 U.S. 389, 400 (1993); United States v. Damon, 191 F.3d 561, 564 (4th Cir. 1999).**

> Rule 11 of the Federal Rules of Criminal Procedure was adopted to standardize the process for accepting guilty pleas in federal court.  This rule provides that the court must personally inform the defendant of, and ensure that he understands, the nature of the charges against him and the consequences of his guilty plea.  Rule 11 has two principal purposes.  First, it "assist[s] the district judge in making the constitutionally required determination that a defendant's guilty plea is truly voluntary."  Second, it "produce[s] a complete record at the time the plea is entered of the factors relevant to this voluntariness determination."

**Id. (quoting McCarthy v. United States, 394 U.S. 459, 465 (1969)).**

Defendant and his attorney elected to enter the guilty plea before the Magistrate Judge.  Magistrate Judges are statutorily and constitutionally authorized to conduct Rule 11 proceedings.  **United States v. Osborne, 345 F.3d 281, 287-88 (4th Cir. 2003) ("The supervision of Rule 11 plea proceedings, while obviously requiring care and discretion to ensure**

**that guilty pleas rest upon a firm factual basis, hardly dwells nigh the outlands of magistrature.").** Rule 11 provides, in pertinent part:

(b) **Considering and Accepting a Guilty or Nolo Contendere Plea.**

(1) **Advising and Questioning the Defendant.** Before the court accepts a plea of guilty or nolo contendere, the defendant may be placed under oath, and the court must address the defendant personally in open court. During this address, the court must inform the defendant of, and determine that the defendant understands, the following:

(A) the government's right, in a prosecution for perjury or false statement, to use against the defendant any statement that the defendant gives under oath;

(B) the right to plead not guilty, or having already so pleaded, to persist in that plea;

(C) the right to a jury trial;

(D) the right to be represented by counsel – and if necessary have the court appoint counsel – at trial and at every other stage of the proceeding;

(E) the right at trial to confront and cross-examine adverse witnesses, to be protected from compelled self-incrimination, to testify and present evidence, and to compel the attendance of witnesses;

(F) the defendant's waiver of these trial rights if the court accepts a plea of guilty or nolo contendere;

(G) the nature of each charge to which the defendant is pleading;

(H) any maximum possible penalty, including imprisonment, fine, and term of supervised release;

(I) any mandatory minimum penalty;

(J) any applicable forfeiture;

(K) the court's authority to order restitution;

(L)  the court's obligation to impose a special assessment;

(M)  in determining a sentence, the court's obligation to calculate the applicable sentencing-guideline range and to consider that range, possible departures under the Sentencing Guidelines, and other sentencing factors under 18 U.S.C. § 3553(a); and

(N)  the terms of any plea-agreement provision waiving the right to appeal or to collaterally attack the sentence.

(2)  **Ensuring That a Plea Is Voluntary.**  Before accepting a plea of guilty or nolo contendere, the court must address the defendant personally in open court and determine that the plea is voluntary and did not result from force, threats, or promises (other than promises in a plea agreement).

(3)  **Determining the Factual Basis for a Plea.**  Before entering judgment on a guilty plea, the court must determine that there is a factual basis for the plea.

**Fed. R. Crim. P. 11(b);** *United States v. DeFusco*, **949 F.2d 114, 116 (4th Cir. 1991) ("Prior to accepting a guilty plea, a trial court, through colloquy with the defendant, must inform the defendant of, and determine that he understands, the nature of the charge(s) to which the plea is offered, any mandatory minimum penalty, the maximum possible penalty and various rights.").**

A careful examination of the Rule 11 hearing in this case clearly shows that the Magistrate Judge obtained Defendant's consent to take the

guilty plea.[2]  **Rule 11 Inquiry,** *supra,* **at 1-2 ("Do you understand that**

**you have the right to have a United States District Judge conduct this**

**proceeding?"  The Defendant answered, "Yes."  "Recognizing your**

**right to proceed before a district judge, do you expressly consent to**

**proceed in this court, that is, before a United States Magistrate**

**Judge?"  The Defendant answered, "Yes.").**  The Magistrate Judge then

thoroughly questioned and advised Defendant, who was under oath, as to

each factor listed in Rule 11(b).  Defendant's affirmative responses to the

Magistrate Judge's questions demonstrate, *inter alia,* that his plea to Count

One of the indictment was knowingly and voluntarily made; that he

understood the maximum penalty for the offense; that he waived his right to

jury trial; that he was satisfied with the services of his attorney; and that he

admitted under oath that he was guilty of the offense alleged in the

indictment.  **Id.**  The Court concludes there was no error in the Rule 11

proceedings.

---

[2] There is no transcript of the Rule 11 hearing.  However, the undersigned has listened to the audio recording of that proceeding.  The answers recorded by the Magistrate Judge on the Rule 11 Inquiry form comport to those heard in the recording.

**B. Withdrawal of Guilty Plea**

Having determined that the Rule 11 proceedings were free of error, the Court must now consider whether to allow Defendant to withdraw his guilty plea. The importance of the finality of a guilty plea cannot be overstated. ***See United States v. Hyde*, 520 U.S. 670, 677 (1997) ("Were withdrawal automatic in every case where the defendant decided to alter his tactics and present his theory of the case to the jury, the guilty plea would become a mere gesture, a temporary and meaningless formality reversible at the defendant's whim.") (quotation omitted); *United States v. Breedlove*, 7 F. App'x 268, 269 (4th Cir. 2001) ("Given that [the defendant] consented to have the magistrate judge preside over his Rule 11 hearing and tendered his plea at that time, the magistrate judge's recommendation to accept his plea is binding.").**

Examination of the plea colloquy in this case reveals several questions relating to the finality of the Defendant's plea:

THE COURT: Is your mind clear and do you understand that you're here today to enter a guilty plea that cannot later be withdrawn?

THE DEFENDANT: Yes.

. . .

> THE COURT: Do you understand that if the sentence is more severe than you expect or the court does not accept the Government's sentencing recommendation, you will still be bound by your plea and have no right to withdraw the plea of guilty?
>
> THE DEFENDANT: Yes.

**Rule 11 Inquiry,** *supra*, **at 3, 6.**  In addition, Defendant signed the Rule 11 form affirming that the answers he had given during the Rule 11 hearing were true to the best of his knowledge.  Therefore, Defendant cannot claim he had no notice of the finality of his actions.

Accordingly, the undersigned concludes that the guilty plea entered by Defendant on July 12, 2007, before the Magistrate Judge was final and binding.  ***United States v. Bowman*, 348 F.3d 408, 414 (4th Cir. 2003) ("If an appropriately conducted Rule 11 proceeding is to serve a meaningful function, on which the criminal justice system can rely, it must be recognized to raise a strong presumption that the plea is final and binding.").**

**2. Withdrawal of Final Plea**

In moving to withdraw his guilty plea, Defendant has "the burden of showing a fair and just reason for withdrawal." ***United States v. Ubakanma*, 215 F.3d 421, 424 (4th Cir. 2000); *see also* Fed. R. Crim. P. 11(d)(2)(B) (allowing a defendant to withdraw a guilty plea if he "can show a fair and just reason for requesting the withdrawal").** A "fair and just" reason is one that "essentially challenges" the fairness of a proceeding under Rule 11. ***Ubakanma, supra* (quoting *United States v. Puckett*, 61 F.3d 1092, 1099 (4th Cir. 1995); *see also Bowman*, *supra* ("The most important consideration in resolving a motion to withdraw a guilty plea is an evaluation of the Rule 11 colloquy at which the guilty plea was accepted.")**.

In addition to the evaluation of the Rule 11 proceedings, the Court may also consider other circumstantial factors that relate to whether the defendant has advanced a "fair and just reason" to withdraw his plea:

> (1) whether the defendant has offered credible evidence that his plea was not knowing or otherwise not voluntary, (2) whether the defendant has credibly asserted his legal innocence, (3) whether there has been a delay between entry of the plea and filing of the motion, (4) whether the defendant has had close assistance of counsel, (5) whether withdrawal will cause prejudice to the government, and (6) whether withdrawal will inconvenience the court and waste judicial resources.

***Ubakanma, supra* (citing *United States v. Moore*, 931 F.2d 245, 248 (4th**

**_Ubakanma, supra_ (citing _United States v. Moore_, 931 F.2d 245, 248 (4th Cir. 1991)).**  Although the third, fifth, and sixth factors should be considered by the Court, the Fourth Circuit has recognized that the first, second, and fourth factors "speak most straightforwardly to the question [of] whether the movant has a fair and just reason to upset settled systemic expectations by withdrawing [his] plea."  **_United States v. Sparks_, 67 F.3d 1145, 1154 (4th Cir. 1995).**  The remaining three factors "are better understood as countervailing considerations that establish how heavily the presumption [of finality of pleas entered in accordance with Rule 11] should weigh in any given case."  **_Id._**

In this case, Defendant contends he did not have close assistance of counsel, that he was expressly advised by his former attorney that he would avoid a life sentence by accepting the plea agreement, and that he is factually innocent of the charge contained in Count One of the indictment.

At the Rule 11 hearing, Defendant was placed under oath and understood he was to give truthful answers to the questions asked by the Magistrate Judge.  **Rule 11 Inquiry, _supra_, at 1.**  He acknowledged that if he gave false information under oath, he could face prosecution for perjury or false statements.  **_Id._**  Defendant advised the Court that he was not

under the influence of any alcohol, drugs or medicines of any kind, and that his mind was clear. *Id*. **at 2-3.** He advised he had reviewed the bill of indictment with his attorney and that he was pleading guilty to Count One of the indictment. *Id*. **at 3.** The Magistrate Judge read Count One of the indictment charging the Defendant with conspiracy to possess with intent to distribute cocaine base; named the essential elements the Government would be required to prove if a jury trial were to be held; and advised Defendant that he "*would* be sentenced to a *mandatory* term of life imprisonment without release" if, at the time the offense was committed, he had two or more prior convictions for a felony drug offense. *Id*. **at 3-4 (emphasis added).** The Defendant acknowledged that he "fully underst[oo]d the charges against [him], including the maximum and minimum penalties." *Id*. **at 4.** At the time Defendant entered his plea, the Government had provided the required notice of his six prior felony drug convictions. **Government's Notice,** *supra*. Therefore, Defendant and his former attorney were placed on notice long before the guilty plea was entered that the Defendant would face a *mandatory* term of life imprisonment. In addition, the plea agreement was likewise very specific on this point:

> If, by the date that the defendant pleads guilty, the United
> States has filed notice of two or more prior felony drug
> convictions, the statutory penalty *shall be* life imprisonment[.]
>
> . . .
>
> The defendant is further aware . . . that any estimate from any
> source, including *defense counsel*, of the likely sentence is a
> prediction rather than a promise, and that the Court has the
> final discretion to impose any sentence up to the statutory
> maximum for each count.
>
> . . .
>
> [I]f the Probation Office determines from the defendant's
> criminal history that U.S.S.G. § 4B1.1 (Career Offender)
> applies, that provision may be used in determining the
> sentence.

**Plea Agreement, *supra*, ¶¶ 3, 5, 6(d) (emphasis added).**  Additionally,

Defendant was asked at least twice during the Rule 11 proceeding if he

had reviewed the terms of his plea agreement with his attorney and if he

understood the terms therein.  **Rule 11 Inquiry, ¶¶ 10, 32.**  Both times he

acknowledged that he understood the agreement's terms and had

reviewed them with his attorney; his former attorney also advised the Court

that he had reviewed the terms of the plea agreement with the Defendant

and was satisfied that he understood the terms thereof.  ***Id*. ¶ 35**.

Even though the Defendant allegedly confided in his former attorney

that he was actually innocent of the drug charge herein, he answered

under oath that he was in fact guilty.  ***Id*. ¶ 27 ("Are you, in fact, guilty of

the count in the bill of indictment to which you have come to court**

**today to plead guilty?  That is, did you commit the act(s) described in count one of the bill of indictment?"  The Defendant answered, "Yes.").**  The Court places great weight on Defendant's representations at his Rule 11 hearing.  **See *Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977) (representations made by a defendant at a plea hearing, as well as any findings made by the judge, constitute a formidable barrier in any subsequent collateral proceeding); *see also DeFusco*, 949 F.2d at 119 (statements made by a defendant during a Rule 11 proceeding constitute strong evidence of the voluntariness of the plea).**

The Court finds that, based on a close examination of the record herein, Defendant fully understood the nature of the Rule 11 proceeding, freely acknowledged his guilt to the charge herein under oath, and knowingly entered into a plea agreement with the Government wherein he agreed, but ultimately failed, to cooperate with the Government in exchange for the Government's filing a motion for downward departure on his behalf.

Defendant's arguments examined under the factors listed in *Moore* do not demonstrate "a fair and just reason" for withdrawal of the guilty plea. Defendant's principal contention focuses on the alleged conduct of his

former attorney who represented him throughout the plea negotiations and during the Rule 11 hearing, and to whom he asserted his innocence. However, these contentions are in direct contradiction to the statements Defendant provided under oath before the Magistrate Judge as outlined above.

The Court has also considered the remaining factors listed in *Moore.* Almost a year passed between the time Defendant pled guilty on July 12, 2007, and the filing of this motion.  The Court finds this factor supports the Government's contention that prejudice would result from setting aside Defendant's guilty plea due to the inherent difficulty in having to prepare the case for trial at this point.  ***See* Government's Response, *supra*, at 6-7.**  It bears noting as well, that Defendant did not file this motion until receiving a draft of the presentence report which determined he qualified for career offender status and, therefore, was subjected to a mandatory life sentence.

The Court concludes the Rule 11 proceedings were free from error and Defendant has failed to show that any of the *Moore* factors reasonably support his motion to withdraw.  The undersigned further concludes that Defendant has not carried his burden of showing that a "fair and just

reason" exists for withdrawal of his guilty plea and his motion to withdraw must be denied.

## III.  ORDER

**IT IS, THEREFORE, ORDERED** that Defendant's motion to withdraw his guilty plea is hereby **DENIED**.

Signed: July 29, 2008

Lacy H. Thornburg
United States District Judge